# Supreme Court of Florida

---

No. SC21-187

---

**IN RE: AMENDMENTS TO RULE 4-13.4 OF THE RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR.**

February 10, 2022

PER CURIAM.

The Court, on its own motion, amends Rule of the Supreme Court Relating to Admissions to the Bar 4-13.4 (Alternative Method of Educational Qualification). We have jurisdiction. *See* art. V, § 15, Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

Under rule 4-12 (Requirement to Submit), all applicants seeking admission to The Florida Bar must take the Florida Bar Examination, which consists of the General Bar Examination and the Multistate Professional Responsibility Examination. To be eligible to take the General Bar Examination under rule 4-13.1 (Educational Qualifications), an applicant must be a J.D. or LL.M. graduate of an ABA-accredited law school or be found

educationally qualified under rule 4-13.4 (Alternative Method of Educational Qualification).  Currently, to be educationally qualified under rule 4-13.4(a)(1), foreign-educated applicants must provide evidence that they have been practicing law for at least ten years in a jurisdiction of the United States, that they are in good standing in that jurisdiction, and that they have not been suspended or disbarred in the prior ten years.  Under rule 4-13.4(a)(2), foreign-educated applicants must provide work-product samples from the preceding ten years that are "illustrative of his or her expertise and academic and legal training."  Then, under rules 4-13.4(d) and (e), the Florida Board of Bar Examiners has broad discretion when evaluating whether the submitted material "shows that the applicant is a lawyer of high ability whose reputation for professional competence is above reproach."

In the March 2021 edition of *The Florida Bar News*, the Court published for comment amendments it was considering, on its own motion, to rule 4-13.4.  The Court received two comments and held oral argument.  Following oral argument, the Court published for comment refinements to its previously published proposal and received three comments.  Having considered the comments and

having had the benefit of oral argument, the Court hereby adopts the revised proposed amendments to rule 4-13.4 as discussed below.

First, after the title of the rule, a sentence is added providing that an applicant who does not meet the educational qualifications in rule 4-13.1 must meet the requirements of either subdivision (a) or subdivision (b).

Next, subdivision (a) is renamed to "Applicants without an LL.M." The current text of subdivision (a) remains the same, except that ten years is reduced to five years throughout subdivision (1), and the last sentence of subdivision (2), which requires that a compilation of work product be confined to the applicant's most recent ten years of practice, is deleted. Thus, as amended, rule 4-13.4(a) requires a foreign-educated applicant without an LL.M. to have practiced for five years in the United States, not have been suspended or disbarred in the five years prior to applying for admission to The Florida Bar, and to submit a representative compilation of work product in the field of law showing the scope and character of the applicant's previous experience and practice.

Also, a new subdivision (b), titled "Applicants with an LL.M.," is added that outlines the requirements for applicants with an LL.M. from an ABA-accredited law school that meets the curricular criteria adopted by the Florida Board of Bar Examiners. New subdivision (b) requires that an applicant with an LL.M. submit evidence that the applicant was engaged in the practice of law for at least two years in the United States and was not suspended or disbarred in the two years prior to applying for admission to The Florida Bar. Like amended subdivision (a)(2), it also requires that the applicant submit a representative compilation of work product showing the scope and character of the applicant's previous experience and practice.

Last, subdivisions (b)-(d) are redesignated (c)-(e) to accommodate new subdivision (b), and subdivision (e) (Board Discretion) is amended to include a reference to new subdivision (b).

Accordingly, we amend Rule of the Supreme Court Relating to Admissions to the Bar 4-13.4 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon release of this opinion.

- 4 -

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and GROSSHANS, JJ., concur.
COURIEL, J., recused.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Florida Bar

Jennifer Martinez Mooney, Chair, Michele A. Gavagni Executive Director, and James T. Almon, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida; Samantha Abeysekera, Sarasota, Florida; James M. Meyer and Ana M. Barton on behalf of the International Law Section of the Florida Bar, Miami, Florida; and Antony Page, Dean, Florida International University College of Law, Miami, Florida, Erin O'Hara O'Connor, Dean, Florida State University College of Law, Tallahassee, Florida, and Nell Jessup Newton, Interim Dean, University of Miami School of Law, Coral Gables, Florida,

    Responding with comments

**APPENDIX**

**4-13.4     Alternative Method of Educational Qualification.**  An applicant who does not meet the educational qualifications in rule 4-13.1 must meet the requirements of either subdivision (a) or subdivision (b).

(a) *Applicants without an LL.M.Not Meeting Educational Qualifications.  An applicant who does not meet the educational qualifications in rule 4-13.1, must meet the following requirements:*

(1) evidence as the board may require that the applicant was engaged in the practice of law for at least ~~10~~5 years in the District of Columbia, in other states of the United States of America, or in federal courts of the United States or its territories, possessions, or protectorates (federal courts are not limited to Article III Courts), was in good standing at the bar of the jurisdictions in which the applicant practiced, and was not suspended or disbarred from the practice of law in the ~~10~~5 years prior to applying for admission to The Florida Bar; and

(2) a representative compilation of the work product in the field of law showing the scope and character of the applicant's previous experience and practice at the bar, including samples of the quality of the applicant's work, including pleadings, briefs, legal memoranda, contracts, or other working papers that the applicant considers illustrative of his or her expertise and academic and legal training. ~~The representative compilation of the work product must be confined to the applicant's most recent 10 years of practice and must be complete and include all supplemental documents requested.~~

(b) *Applicants with an LL.M.*

(1) an LL.M. degree from an accredited law school, or within 12 months of accreditation, where the program meets the curricular criteria for the practice of law in the United States of America adopted by the board and published on board's website;

- 6 -

(2) evidence as the board may require that the applicant was engaged in the practice of law for at least 2 years in the District of Columbia, in other states of the United States of America, or in federal courts of the United States or its territories, possessions, or protectorates (federal courts are not limited to Article III Courts), was in good standing at the bar of the jurisdictions in which the applicant practiced, and was not suspended or disbarred from the practice of law in the 2 years prior to applying for admission to The Florida Bar; and

(3) a representative compilation of the work product in the field of law showing the scope and character of the applicant's previous experience and practice at the bar, including samples of the quality of the applicant's work, including pleadings, briefs, legal memoranda, contracts, or other working papers that the applicant considers illustrative of his or her expertise and academic and legal training.

(bc) *Deadline for Filing Work Product.* To be considered timely filed, the work product must be complete with all required supplemental documentation and filed by the filing deadline of the General Bar Examination as required by rule 4-42. Work product initially filed incomplete and perfected after the deadline will not be considered timely filed. Late or incomplete work product will be given consideration for admission into the next administration of the bar examination for which the deadline has not passed.

(cd) *Acceptance of Work Product.* If a thorough review of the representative compilation of the work product and other materials submitted by the applicant shows that the applicant is a lawyer of high ability whose reputation for professional competence is above reproach, the board may admit the applicant to the General Bar Examination and accept score reports from the National Conference of Bar Examiners or its designee.

(de) *Board Discretion.* In evaluating academic and legal scholarship under subdivision (a) and subdivision (b), the board is clothed with broad discretion.